**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-6279

YVETTE EASTWOOD,

Petitioner - Appellant,

v.

UNITED STATES OF AMERICA,

Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. John A. Gibney, Jr., District Judge. (3:16-cv-00536-JAG)

Submitted: July 31, 2017                                    Decided: August 10, 2017

Before GREGORY, Chief Judge, and WILKINSON and TRAXLER, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Yvette Eastwood, Appellant Pro Se. Oliva L. Norman, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Yvette Marie Eastwood appeals the district court's order construing her petition for a writ of error coram nobis as an unauthorized, successive 28 U.S.C. § 2255 (2012) motion, and dismissing it on that basis. Eastwood claims that: (1) she is not "in custody" as required by 28 U.S.C. § 2255 and she can therefore seek relief in a petition for a writ of error coram nobis, and (2) she is entitled to a certificate of appealability on her claim that counsel was ineffective in failing to advise her of the immigration consequences of pleading guilty. The district court granted a certificate of appealability on the first claim. That claim, however, is foreclosed by our recent decision in *United States v. Swaby*, 855 F.3d 233, 238-39 (4th Cir. 2017) (holding that prisoner who "was in the United States, under supervised release and detained by immigration authorities," when he filed his coram nobis petition was "in custody" for purposes of 28 U.S.C. § 2255 and filing therefore could not be considered valid coram nobis petition). Accordingly, although we grant Eastwood leave to proceed in forma pauperis, we affirm the portion of the district court's order construing Eastwood's petition as a § 2255 motion.

With respect to the Eastwood's ineffective assistance of counsel claim, a certificate of appealability will not issue absent "'a substantial showing of the denial of a constitutional right.'" *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (quoting 28 U.S.C. § 2253(c)(2) (2012)). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When

the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Eastwood has not made the requisite showing. The district court's dispositive procedural ruling that Eastwood filed an unauthorized, successive § 2255 motion is not debatable. Accordingly, as to this portion of the district court's order, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART;*
*DISMISSED IN PART*